## DISTRICT COURTS of U. S.
### NORTHERN AND SOUTHERN DISTS. OF OHIO

The State of Ohio, with reference to these courts, constitutes two judicial districts, known as the Northern District of Ohio, and the Southern District of Ohio.

These two districts have two divisions each, known and comprised by counties, as follows:

**NORTHERN DISTRICT:**

### Cleveland, Youngstown, Toledo

**Eastern Division**—Ashland, Ashtabula, Carroll, Columbiana, Crawford, Cuyahoga, Geauga, Holmes, Lake, Lorain, Mahoning, Medina, Portage, Richland, Stark, Summit, Trumbull, Tuscarawas and Wayne.

**Western Division**—Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca, Van Wert, Williams, Wood and Wyandot.

**SOUTHERN DISTRICT:**

### Cincinnati, Dayton, Columbus

**Eastern Division** — Athens, Belmont, Coshocton, Delaware, Fairfield, Fayette, Franklin, Gallia, Guernsey, Harrison, Hancock, Jackson, Jefferson, Knox, Licking, Logan, Madison, Meigs, Monroe, Morgan, Morrow, Muskingum, Noble, Perry, Pickaway, Pike, Ross, Union, Vinton and Washington.

**Western Division**—Adams, Brown, Butler, Champaign, Clark, Clermont, Clinton, Darke, Green, Hamilton, Highland, Lawrence, Miami, Montgomery, Preble, Scioto, Shelby and Warren.

### JUDICIARY, PLACES AND TERMS OF COURT

**NORTHERN DISTRICT:**

Judges—D. C. Westenhaver, Cleveland; John M. Killets, Toledo, and Paul J. Jones, Youngstown.

Clerk—Bertrand C. Miller, Federal Building, Cleveland.

Chief Deputy—Fred T. Denzler.

District Attorney—Edwin S. Wertz, Cleveland.

Assistants—Joseph C. Breitenstein, B. W. Henderson, G. J. Pill\[iod, for Cleveland—Geo. Effler, Geo. E. Reed, for Toledo.

U. S. Marshal—George W. Stauffer, Ottawa.

Chief Deputy—O. Krichbaum.

Deputies—H. D. Lingefelter, A. L. Gibson, D. C. Mahon, Chas. E. Pierce, Robt. S. Gawne, for Cleveland—Geo. R. Weeks, Elmer Flick, John L. Cass, Robert Neill, for Toledo.

Deputies—O. Kirchbaum, Norma Lapp, E. J. Dolan, Cleveland; Arthur J. Christy, S. W. Frankowski, Toledo.

**Terms of Court. Eastern Division—**

At Cleveland. First Tuesday in February, April and October.

At Youngstown. First Tuesday after the first Monday of March.

Any suit brought in Eastern Division may be tried at Youngstown term, which is a trial term only. All filings in cases transferred to Youngstown term may be made at Cleveland, except during Youngstown term.

Present term at Cleveland began September 9; at Youngstown—

**Western Division—at Toledo—**

On the last Tuesday in April and October;

Both divisions have the same set of officers.

The Clerk and Marshal each has an office and deputies in regular attendance, at both Cleveland and Toledo.

**SOUTHERN DISTRICT:**

Judges—John E. Sater, Columbus;

Clerk—Boyd E. Dilley, Cincinnati; Harry F. Rabe, Cincinnati, Chief Deputy.

District Attorney—

Assistants—Thomas Morrow, Allen C. Roudebush, Richard T. Dickerson, Cincinnati; Wiliam J. Ford, Richard T. Dickerson, Columbus.

**Terms of Court—Eastern Division—**

At Columbus, on the first Tuesday of June and December.

At Dayton, on the first Monday in May and November.

Any suit that may be brought in the Southern District may be instituted, tried and determined at Dayton term.

**Western Division**—At Cincinnati, on the first Tuesday in February, April and October.

Both divisions have the same set of officers, but the Clerk and Marshal each has an office and deputies in regular attendance in both Columbus and Cincinnati.

### Notice to the Bar

1. Cases must be ordered for trial not less than thirty days before the first day of the term.

2. A list of all cases thus ordered for trial shall be printed by the clerk, and a copy thereof shall be sent to each counsel of record, at least five days before the preliminary call, with notice of the time when the call will take place. Failure to receive the copy or notice will not excuse counsel from attending the call.

3. In order to enable the Court properly to prepare a day by day calendar, a preliminary call of the entire list will be had at a time to be notified as above provided. The Court will understand that cases not then answered to are ready for trial upon any day that may be designated.

Application for continuance, and all other applications affecting the list, of which at least twenty-four hours' notice must be given to opposing counsel, must be made upon this call, and not afterwards, except for reasons thereafter arising.

4. After the call is finished, the day by day calendar for the term will be prepared, and a copy thereof immediately sent to each counsel of record, but a failure to receive such copy will not be a ground for a continuance

---

## No. 316
### YOUNG (Ancillary) v. AMERICAN STRAWBOARD CO.

U. S. District Court, N. D. Ohio, E. D.
No. 802. March 15, 1923

**RECEIVERS**—(1) Jurisdiction of trustees under Section 70a Bankruptcy Act—(2) Appointment of ancillary receiver—(3) Retention of jurisdiction over bankrupt's estate—(4) Manner and extent of his jurisdiction—(5) Manner in which ancillary proceedings in bankruptcy may be discharged.

WESTENHAVER, J.

#### Epitomized Opinion

Young was appointed ancillary receiver to proceedings in bankruptcy to the American Strawboard Co. After this appointment he filed a petition to make new parties defendant, to marshal liens, sell and convert the bankrupt's property into money. The defendant filed a motion to dismiss upon the ground that when a trustee in bankruptcy has been elected and qualified, full power to all the assets of the bankrupt's estate, wherever situated, is at once vested in such trustee, and that the power and possession of the ancillary receiver of another jurisdiction is thereby ousted. In overruling the motion, the court held:

1. Section 70a Bankruptcy Act vests a trustee by operation of law with the title of the bankrupt to all of his property and estate wherever situated, and this title relates back to the date the petition was filed.

2. An ancillary receiver may, before adjudication, be appointed in another jurisdiction and exercise the powers usually conferred in equity upon an auxiliary receiver. (Sec. 2, Par. 20, amendment to Bankruptcy Act.)

3. Where a U. S. district court's ancillary jurisdiction has been invoked and exercised, it will retain that jurisdiction and fully and properly administer the estate within the jurisdiction for which a receiver has been appointed, notwithstanding Section 70a of the Bankruptcy Act.

(Continued on Page 342)

## STATE SUPREME COURT
### Judges, Officers, Proceedings, Sessions and Opinions

## U. S. DISTRICT COURTS

(Continued from Page 341)

4. The manner and extent of the court's ancillary jurisdiction depends upon the circumstances in each case.

5. If in this case, the court of primary jurisdiction, or its duly elected and qualified trustee, desires this court to discharge its receiver and surrender the assets to its trustee, the latter may and should make application to this court, supported by sufficient reason.

Attorney—Willis Bacon, Akron, for plaintiff; Tolles, Hogsett, Ginn & Morley, for defendant.